IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JIRUSHAYA HOGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-cv-1043-RJD |
| | ) | |
| STANFORD GALLION and GROENDYKE | ) | |
| TRANSPORT, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Defendants' Motion to Transfer Venue (Docs. 23 and 24). Plaintiff responded (Doc. 25) and Defendants replied (Doc. 26). As explained further, Defendants' motion is DENIED.

**Background**

Plaintiff filed this suit in Madison County, Illinois, alleging that she was involved in a motor vehicle accident with Stanford Gallion. Plaintiff alleges that the accident occurred while Defendant Gallion was driving a Cascadia Freightliner tanker with tractor in the scope of his employment with Groendyke Transport, Inc ("Groendyke"). Plaintiff further alleges that the accident occurred in St. Louis, Missouri and that Defendant Groendyke has a terminal in Madison County, Illinois, which is located within the Southern District of Illinois. Defendants removed this case to federal court on diversity jurisdiction grounds, contending that Plaintiff is a citizen of Illinois, Defendant Gallion is a citizen of Missouri, and Defendant Groendyke is a citizen of Oklahoma. Defendants now request that this Court transfer the case to the Eastern District of

Missouri.

## Legal Standard

A district court "may transfer any civil action to any other district or division where it may have been brought."  28 U.SC. § 1404(a).  Section 1404(a) "allow[s] a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district." *Research Automation, Inc. v. Schrader-Bridgeport Intern. Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). When analyzing the convenience issue, the court considers "the availability of and access to witnesses, and each party's access to and distance from resources in each forum," as well as "the location of material events and the relative ease of access to sources of proof." *Id.* (citations omitted).  The moving party bears the burden of demonstrating "by reference to particular circumstances, that the transferee forum is clearly more convenient."  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The court also considers whether a transfer would further "the interests of justice." *Research Automation, In*c.*,* 626 F.3d at 978.  In this analysis, the court compares "docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy."  *Id*.  The "interests of justice" analysis focuses on efficient court administration.  *Id*.

## Analysis

Defendants did not meet their burden in establishing that the Eastern District of Missouri "is clearly more convenient."  *See Coffey*, 796 F.2d at 219-20.  Defendants argue that the police officer who investigated the accident and wrote the report is located in Missouri, while Plaintiff contends that the police report otherwise reveals no witnesses who live in either the Eastern District

of Missouri or the Southern District of Illinois. Defendants note that Plaintiff underwent some medical treatment in St. Louis related to the accident, but Plaintiff explains that she also received medical treatment for her injuries in Illinois.

Defendants maintain that the Eastern District of Missouri would be more convenient for them because it is closer to Defendant Groendyke's principal place of business in Oklahoma, and because Defendant Gallion resides in Missouri. However, Plaintiff resides within the Southern District of Illinois. In such a situation, "[w]here the balance of convenience is a close call, merely shifting inconvenience from one party to another is not a sufficient basis for transfer." *Id*. The Seventh Circuit has previously held that "when plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff." *In re Natl. Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). The Court also notes that Defendant Groendyke apparently has a terminal in the Southern District of Illinois, which happens to be Defendant Gallion's home terminal. In summary, while the Southern District of Illinois will be inconvenient for some aspects of this litigation, the Eastern District of Missouri would be inconvenient in other respects.

The Court is also not convinced that the interests of justice favor transfer to the Eastern District of Missouri. Of course, a court in Missouri would inevitably be more familiar with Missouri law. However, given the proximity of the two districts, this Court is not unfamiliar with Missouri law.

Considering the factors of docket congestion and likely speed to trial, statistics from 2016-2019 show that civil cases in the Eastern District of Missouri reach jury trials sooner than in the

Southern District of Illinois.[1]  But this case is currently set in this district for jury trial on November 9, 2021.  The undersigned has no other case set for trial on that date.  It seems inefficient to transfer this case to another district with the expectation that it would be tried sooner, especially considering the delays that all courts currently face related to the global pandemic.

Finally, Defendants contend that a Missouri court has a greater interest in resolving this matter because the accident occurred in Missouri and Defendant Gallion resides in Missouri. Nonetheless, Plaintiff lives in the Southern District of Illinois and Groendyke's terminal (Defendant Gallion's home terminal) is also located in the Southern District of Illinois.  The Court cannot conclude that a court in Missouri has a greater interest than an Illinois court in resolving this matter.  Consequently, Defendant has not established that the interests of justice favor transfer to the Eastern District of Missouri.

## CONCLUSION

Defendant's Motion to Transfer Venue to the Eastern District of Missouri is DENIED.

**IT IS SO ORDERED.**

**DATED:  February 1, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, *Federal Court Management Statistics*, available at uscourts.gov/statistics/table/na/federal-court-management-statistics/2020/9/30-1.